IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

National Stone, Sand, & Gravel Assoc., *et al.*

    Petitioners,

    v.

Mine Safety & Health Administration,

    Respondent.

No. 24-60306

**PETITIONERS' OPPOSITION TO RESPONDENT'S MOTION
REQUESTING TRANSFER TO THE EIGHTH CIRCUIT**

Respondent ("MSHA") has asked the Court to transfer this case, pursuant to 28 U.S.C. § 2112, to the Eighth Circuit. But there is no longer a parallel case pending in the Eighth Circuit; that court has dismissed the first-filed petition, in response to a motion asserting that the petition suffered a potential venue defect. Accordingly, National Stone, Sand & Gravel Association and its fellow petitioners submit that section 2112 does not call for transfer of the case. In more detail:

1.    This petition challenges a final rule published by MSHA on April 18, 2024, and entitled "Lowering Miners' Exposure to Respirable Crystalline Silica and Improving Respiratory Protection." Petitioners timely filed this case on June 12, 2014. Venue is proper in this Court, under 30 U.S.C. § 811(d), because among the petitioners is Texas Aggregates and Concrete Association, a nonprofit corporation

1

organized and headquartered in Texas. On June 14, 2024, the Sorptive Minerals Institute ("SMI") and Blue Mountain Production Company ("Blue Mountain") filed in this Court another petition for review of the same MSHA rule; this Court combined the SMI / Blue Mountain petition into petitioners' case. Petition, Doc. 3.

2. Before petitioners had filed in this Court, SMI had filed a petition for review of the same rule, in the Eighth Circuit, on April 29, 2024. Petition, *Sorptive Minerals Inst.* v. *MSHA*, No. 24-1889, Doc. 5388291 (8th Cir. Apr. 29, 2024).

3. On June 18, 2024, MSHA filed in the Eighth Circuit an index to the administrative record. Record, *Sorptive*, No. 24-1889, Doc. 5404702 (8th Cir. June 18, 2024). On that same day, MSHA moved this Court to transfer this case to the Eighth Circuit, pursuant to section 2112. Def.'s Mot. to Transfer, Doc. 9.

4. On June 21, 2024, SMI moved the Eighth Circuit for dismissal of SMI's petition in that court. Mot. for Voluntary Dismissal, *Sorptive*, No. 24-1889, Doc. 5406019 (8th Cir. June 21, 2024). On June 24, 2024, SMI filed an amended motion for dismissal that stated this Court is a proper venue for the SMI / Blue Mountain petition because Blue Mountain has its principal place of business in this circuit, while SMI's Eighth Circuit case does not include any petitioner with a principal place of business in the Eighth Circuit. Am. Mot. for Voluntary Dismissal at ¶ 3 n.1, *Sorptive*, No. 24-1889, Doc. 5406037 ("SMI's Am. Motion").

5. On June 25, 2024, the Eighth Circuit dismissed SMI's petition, and issued the mandate, effectuating that dismissal, immediately. Judgment, *Sorptive*, No. 24-1889, Doc. 5406929 (8th Cir. June 25, 2024); Mandate, *Sorptive*, No. 24-1889, Doc. 5406937 (8th Cir. June 25, 2024). As of this date, there is no case pending in the Eighth Circuit.

6. SMI's motion for dismissal raised the possibility that the Eighth Circuit was an improper venue for SMI's petition. The statute governing review of MSHA's rule is 30 U.S.C. § 811(d). That provision states that a person may have review of a rule in the D.C. Circuit or in "the circuit wherein such person resides or has his principal place of business." SMI informed the Eighth Circuit that SMI does not have its principal place of business in the Eighth Circuit. SMI's Am. Motion at 2 n.3.

7. Ordinarily, when multiple petitions are pending against the same rule, the respondent files the record in the court where the first petition was filed, and other cases are transferred to that court, pursuant to section 2112. But circuit courts have recognized an important limitation: The record should be filed in, and cases transferred to, the circuit with the "first *valid* petition[.]" *Assoc. Gas Distrib. v. FERC*, 738 F.2d 1388, 1390 (D.C. Cir. 1984) (emphasis added); *City of Gallup v. FERC*, 702 F.2d 1116 (D.C. Cir. 1983) (similar).

8. *City of Gallup* v. *FERC* illustrates the process. 702 F.2d 1116. In that case, the D.C. Circuit assessed whether various petitions were invalid; dismissed multiple of them; and concluded that the remaining petitions were filed later than those in another circuit, before directing the transfer of its petitions to that other court. *Id.* at 1121–1124.

9. *City of Gallup* also observed that each circuit must assess the validity of the petition(s) before it. 702 F.2d at 1124. The Eighth Circuit has apparently made that assessment. Though the court's judgment provides no reasons for the dismissal, SMI informed the court of the potential venue defect, and the court then swiftly dismissed the case.

10. Under the principles of *Associated Gas Distributors* and *City of Gallup*, transfer to the Eighth Circuit, in these circumstances, would not be consistent with section 2112. Section 2112 directs cases to the court with the first valid petition, and the Eighth Circuit has apparently concluded that the petition before it was not valid. The next petition in time was the instant case, for which there is no ground for invalidity or deficiency. Consequently, the case should remain here.

11. That said, petitioners are aware that MSHA may move the Eighth Circuit to reconsider the dismissal of SMI's petition. The Eighth Circuit dismissed the petition four days after SMI filed its motion, before MSHA's response to the motion was due, and before MSHA had provided any response. There may be

4

arguments that SMI's circumstances did not necessitate dismissal, and MSHA did not have the opportunity to make those arguments. If MSHA does request reconsideration, and the Eighth Circuit then reopens SMI's case, that outcome might make a transfer under section 2112 appropriate.

12.   Nonetheless, as things currently stand, petitioners submit that the case should not be transferred to the Eighth Circuit because that court has dismissed, in response to an assertion of a potential venue defect, the allegedly first-filed petition.

June 28, 2024

/s Keith Bradley
Keith Bradley
Peter Gould
Kayla Marie Mendez
SQUIRE PATTON BOGGS (US) LLP
717 17th Street, Suite 1825
Denver, CO 80202
Tel: (303) 830-1776
Fax: (303) 894-9239
keith.bradley@squirepb.com
peter.gould@squirepb.com
kayla.mendez@squirepb.com

*Counsel for Petitioners*

# CERTIFICATE OF COMPLIANCE

1. This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 945 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f).

2. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Office 365 in Times New Roman 14-point font.

/s Keith Bradley  
Keith Bradley

**CERTIFICATE OF SERVICE**

I hereby certify that on June 28, 2024, I electronically filed the foregoing motion to consolidate with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s Keith Bradley
Keith Bradley
