IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

|  |  |
|---|---|
| National Stone, Sand & Gravel Association, et al.<br><br>   Petitioners<br><br>*v.*<br><br>Mine Safety and Health Administration<br><br>   Respondent | No. 24-60306 |

**Status Report**

Per its July 3, 2024 motion for abeyance (Doc. 27), the Mine Safety and Health Administration provides this status report on the related proceedings in the Eighth Circuit.

On July 5, 2024, MSHA filed with the Eighth Circuit a motion for reconsideration and vacatur of its order dismissing Sorptive Minerals Institute's petition for review and for recall of the mandate. See *SMI* v. *MSHA*, ECF No. 5410587 (8th Cir. July 5, 2024). Shortly after, MSHA and the petitioners in this case (including SMI) stipulated that the Eighth Circuit is the proper venue for review of this agency rule.

1

On July 31, SMI filed with the Eighth Circuit a response to MSHA's motion, attaching the stipulation and requesting that the court grant the motion and restore the case to its docket. See *SMI* v. *MSHA*, ECF No. 5419102 (8th Cir. July 31, 2024). A copy is attached as Attachment A.

On August 2, the Eighth Circuit granted the motion and held the case in abeyance pending this Court's transfer of the petitions for review to the Eighth Circuit. See *SMI* v. *MSHA*, ECF No. 5420538 (8th Cir. Aug. 2, 2024). A copy is attached as Attachment B.

Given the parties' stipulation that the Eighth Circuit is the proper venue for this case and the Eighth Circuit's order, this Court should grant MSHA's motion to transfer (Doc. 9), transfer the petitions for review to the Eighth Circuit, and deny MSHA's motion for abeyance (Doc. 27) as moot.

Respectfully submitted,

SEEMA NANDA
Solicitor of Labor

APRIL E. NELSON
Associate Solicitor

s/ EMILY TOLER SCOTT
Counsel for Appellate Litigation
U.S. Department of Labor
Office of the Solicitor
Division of Mine Safety & Health
201 12th Street South, Suite 401
Arlington, VA 22202
(202) 693-9333

(202) 693-9392 (fax)
scott.emily.t@dol.gov

Attorneys for MSHA and the
Secretary of Labor

**Certificate of Compliance with Type-Volume Limit, Typeface Requirements, and Type-Style Requirements**

This document complies with Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Equity using Microsoft Word.

This document complies with Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 245 words.

Counsel also certifies that the motion has been scanned for viruses and is virus–free.

s/ Emily Toler Scott

## Certificate of Service

I certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system on August 12, 2024. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

s/ Emily Toler Scott

In the United States Court of Appeals
for the Eighth Circuit

| | | |
|---|---|---|
| SORPTIVE MINERALS INSTITUTE, | ) ) ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 24-1889 |
| MINE SAFETY AND HEALTH ADMINISTRATION, and JULIE SU, ACTING SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | ) ) ) ) ) ) ) | |
| Respondents. | ) | |

**PETITIONER'S RESPONSE TO RESPONDENT'S
MOTION TO VACATE ORDER DISMISSING THE PETITION
AND TO RECALL THE MANDATE**

In response to Respondents' July 5, 2024, motion to reconsider and vacate the Court's order dismissing the petition, Petitioner Sorptive Minerals Institute stipulates to the relief sought and respectfully requests this Court to grant the motion, recall the mandate, vacate the dismissal order, and reinstate the petition on the Court's docket. In support of this request, Petitioner states as follows:

1. On April 29, 2024, Petitioner filed a Petition for Review in this Court.

**Attachment A**

2. On June 12, 2024, a coalition of trade associations filed a Petition for Review in the United States Court of Appeals for the Fifth Circuit, challenging the same final rule at issue here. (*See Nat'l Stone, Sand, and Gravel Ass'n, et.al., v. MSHA*, Case No. 24-60306, filed June 12, 2024)

3. On June 14, 2024, the Sorptive Minerals Institute and its co-petitioner Blue Mountain Production Company, located in the Fifth Circuit, filed a separate Petition for Review in the Fifth Circuit. The same day, the Fifth Circuit consolidated the Sorptive Minerals Institute/Blue Mountain Production Company joint Petition with the pending Petition filed by the parties in 24-60306.[1]

4. On June 21, 2024, Petitioner filed a motion to voluntarily dismiss the Petition pending before this Court, and filed an amended motion seeking the same relief on June 24, 2024.

5. On June 25, 2024, the motion was granted, and the mandate issued.

---

[1] Both Petitions filed in the Fifth Circuit were filed within the 60-day timeframe allowed under the Mine Safety and Health Act to file petitions for review challenging MSHA's mandatory health or safety standards.

6. On July 5, 2024, Respondents filed a "Motion for Reconsideration and Vacatur of the Order Granting Motion for Voluntary Dismissal," asking this Court to vacate the order granting voluntary dismissal and to recall the mandate.

7. On July 17, 2024, in a motion seeking additional time to respond to the motion to reconsider, Petitioner informed the Court that the parties here and before the Fifth Circuit "have been engaged in discussions regarding agreement on a stipulation that will resolve Respondent's Motion and the question regarding the proper court to hear the related proceedings now pending in both Courts." Accordingly, Petitioner requested an additional 14-day extension "to enable the parties the time to agree upon a stipulation that, if successful, should make the contested resolution of Respondent's motion unnecessary."

8. On July 18, 2024, this Court granted the requested extension.

9. Counsel for the Petitioner and the Respondents, and counsel for the parties in the Petition pending in the Fifth Circuit Court of Appeals have now agreed "to resolve all issues regarding the proper venue" for all petitions challenging the final rule. (Exhibit 1)

10. In their stipulation, the parties agreed that all petitions challenging the final rule "shall be venued in the Eighth Circuit Court of Appeals for disposition on the merits," and that adjudication of the petitions in this Court "is for the convenience of the parties in the interests of justice." (Ex. 1, ¶3)

11. Specifically, Petitioner has agreed to stipulate to the relief sought in Respondent's pending motion to reconsider, and "to take all steps necessary to seek the Eighth Circuit's restoration of [this case] to the Court's docket." (Ex. 1, ¶4)

12. The parties in the petitions pending in the Fifth Circuit have further agreed to take all steps necessary to seek the transfer of those petitions to this Court. (Ex. 1, ¶5)

13. If this Court vacates the June 25, 2024, order granting voluntary dismissal and recalls the mandate, and restores the case to this Court's docket, and the petitions pending before the Fifth Circuit are transferred to this Court, the parties will jointly request this Court to consolidate the petitions for disposition on the merits and to allow the parties 30 days to propose a schedule for briefing and the filing of an Appendix. (Ex. 1, ¶6-7)

WHEREFORE, Because the parties' stipulation resolves the Respondents' motion to reconsider pending before this Court, and the issues related to the petitions pending before the Fifth Circuit, Petitioner respectfully requests this Court to:

(1) grant Respondents' motion to reconsider and to vacate the dismissal order; and

(2) recall the mandate and restore the case to the Court's docket.

Date: July 31, 2024

Respectfully submitted,

*/s/ Mark Trapp*
Mark M. Trapp
Kathryn McMahon
CONN MACIEL CAREY, LLP
53 West Jackson Boulevard
Suite 1352
Chicago, Illinois 60604
(312) 809-8122
mtrapp@connmaciel.com

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of FRAP 27(d)(2) because this document contains 668 words excluding the parts of the document exempted by FRAP 32(f).

This document complies with the typeface requirements of FRAP 32(a)(5) and the type-style requirements of FRAP 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point, Century Schoolbook font.

*/s/ Mark M. Trapp*

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ Mark M. Trapp*

# EXHIBIT 1

# Stipulation

1.  The undersigned are counsel for all parties in the following actions: *Sorptive Minerals Institute v. Mine Safety and Health Administration, and Julie Su, Acting Secretary of Labor, United States Department of Labor*, Case No. 24-1889 (8th Circuit) ("Action 1"); *National Stone, Sand & Gravel Association, et al. v. Mine Safety and Health Administration*, Case No. 24-60306 (5th Circuit) ("Action 2"); and *Sorptive Minerals Institute and Blue Mountain Production Company v. Mine Safety and Health Administration, and Julie Su, Acting Secretary of Labor, United States Department of Labor*, Case No. 24-60306 (5th Circuit) ("Action 3").

2.  The undersigned counsel are authorized to enter into this Stipulation on behalf of their clients.

3.  The purpose of this Stipulation is to resolve all issues regarding the proper venue for these Actions by agreeing that all Actions shall be venued in the Eighth Circuit Court of Appeals for disposition on the merits. Further, the parties agree that adjudication of these Actions in the Eighth Circuit is for the convenience of the parties in the interests of justice.

4.  Petitioner in Action No. 1 agrees to stipulate to the relief sought in Respondents' pending Motion for Reconsideration. The parties to this Action agree to take all steps necessary to seek the Eighth Circuit's restoration of this Action to the Court's docket.

5.  The parties in Actions Nos. 2 and 3 agree to stipulate to the relief sought in Respondents' pending Motion to Transfer in these actions. All parties agree to take all steps necessary to seek the transfer of these Actions to the Eighth Circuit Court of Appeals.

6.  Once Actions 2 and 3 are transferred to the Eighth Circuit, the parties shall jointly petition the Court to consolidate all actions for disposition on the merits.

7. The parties also shall jointly request that the Eighth Circuit provide the parties with a period of 30 days from the entry of the order granting consolidation for the parties to agree on a schedule for the filing of briefs and an Appendix.

8. All motions filed with any Court pursuant to this Stipulation shall annex a copy of this Stipulation thereto, and shall advise the Court that the motion is being filed to effectuate the purposes of this Stipulation.

9. All parties agree to take all steps reasonably necessary to fulfill the agreements, intention and purpose set forth in this Stipulation.

10. If the Eighth Circuit does not grant Respondents' motion for reconsideration, this Stipulation will not bind any of the parties to any of the actions.

11. Any breach of this Stipulation by any party shall relieve all other parties from any obligation hereunder.

**Dated**: July 26, 2024

Respectfully submitted,

*/s/ Mark Trapp*
Mark M. Trapp
Kathryn M. McMahon
Conn Maciel Carey LLP
53 W. Jackson Blvd., Suite 1352
Chicago, Illinois 60604
(312) 809-8122
mtrapp@connmaciel.com
kmcmahon@connmaciel.com
*Attorneys for Sorptive Minerals Institute*

/s/ *Emily Toler Scott*
Emily Toler Scott
Counsel for Appellate Litigation
U.S. Department of Labor
Office of the Solicitor Division of
Mine Safety & Health
201 12th Street South, Suite 401
Arlington, VA 22202
(202) 693-9333
(202) 693-9392 (fax)
*Attorneys for MSHA and the Secretary of Labor*


/s/ *Keith Bradley*
Keith Bradley
Squire Patton Boggs LLP
717 17th Street, Suite 1825
Denver, CO 80202
Tel.: (303) 830-1776
Fax: (303) 894-9239
keith.bradley@squirepb.com
*Attorneys for National Stone, Sand & Gravel Association, et. al.*

# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

No: 24-1889

Sorptive Minerals Institute

Petitioner

v.

Mine Safety and Health Adminstration and Julie A. Su, Acting Secretary of Labor, United States Department of Labor

Respondents

---

Petition for Review of an Order of the Federal Mine Safety & Health Administration
(89 FR 28218)
(MSHA-2023-0001)

---

## ORDER

The motion for reconsideration and vacatur of the judgment is granted. The court's mandate is hereby recalled, and the judgment entered on June 25, 2024 is vacated. The appeal will be held in abeyance pending the transfer and consolidation of other petitions for review from the Fifth Circuit Court of Appeals.

August 02, 2024

Order Entered at the Direction of the Court:
Acting Clerk, U.S. Court of Appeals, Eighth Circuit.

_____
/s/ Maureen W. Gornik

**Attachment B**